UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SETH WESSLER, | **14 Civ. 5627 (PAE)** |
| Plaintiff, | |
| - against - | |
| UNITED STATES DEPARTMENT OF JUSTICE and FEDERAL BUREAU OF PRISONS, | |
| Defendants. | **ANSWER** |

Defendants, by and through their attorney, Preet Bharara, United States Attorney for the Southern District of New York, hereby answer the plaintiff's complaint, dated July 22, 2014, as follows:

## PRELIMINARY STATEMENT

1. The first sentence of paragraph 1 contains conclusions of law and plaintiff's characterization of this action, to which no responses are required. With respect to the second sentence of paragraph 2, deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's reasons for bringing this action.

2. With respect to the statements and allegations contained in paragraph 2, deny knowledge or information sufficient to form a belief as to the truth the allegations concerning the focus of DHS's immigration-enforcement efforts, whether arrestees are increasingly charged with certain offenses, whether certain reports have emerged, and whether "little is known" about privately managed facilities. The remaining statements constitute plaintiff's characterization of this action, to which no response is required.

3.      With respect to the statements in paragraph 3 concerning the documents the plaintiff seeks, respectfully refer the Court to the plaintiff's FOIA requests for full and accurate statements of their contents.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

## JURISDICTION AND VENUE

5.      Paragraph 5 contains legal conclusions to which no response is required.  To the extent a response is required, respectfully refer the Court to the cited statutory provisions for full and accurate statements of their contents.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, except respectfully refer the Court to the cited document for a full and accurate statement of its contents.

7.      Admit the allegations contained in paragraph 7.

## FACTS

8.      With respect to the allegations contained in paragraph 8, deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning DHS's immigration-enforcement efforts, and respectfully refer the Court to the cited document for a full and accurate statement of its contents.

9.      With respect to the allegations contained in paragraph 9, respectfully refer the Court to the cited document for a full and accurate statement of its contents.

10.      With respect to the allegations contained in paragraph 10, respectfully refer the Court to the cited documents for full and accurate statements of their contents.

11.     Deny the allegations contained in the first sentence of paragraph 11.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 11.

12.     Deny the allegations contained in the first and last sentences paragraph 12.  With respect to the allegations contained in the second sentence of paragraph 12, respectfully refer the Court to the cited document for a full and accurate statement of its contents.

13.     With respect to the allegations contained in paragraph 13, deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the evidence that investigative reports purportedly have uncovered, but deny the existence of "shocking abuse, mistreatment and discrimination," and deny that such events, even if they occurred, are "the predictable consequence[s] of the contractual terms governing CAR facility operations."

14.     Deny the allegations contained in paragraph 14, and respectfully refer the Court to the cited document for a full and accurate statement of its contents.

15.     Deny the allegations contained in paragraph 15, and respectfully refer the Court to the cited document for a full and accurate statement of its contents.

16.     Deny the allegations contained in paragraph 16, and respectfully refer the Court to the cited document for a full and accurate statement of its contents.

17.     Deny the allegations contained in paragraph 17, and respectfully refer the Court to the cited document for a full and accurate statement of its contents.

18.     Deny the allegations contained in paragraph 18, and respectfully refer the Court to the cited document for a full and accurate statement of its contents.

19.     Deny the allegations contained in paragraph 19, and respectfully refer the Court to the cited documents for full and accurate statements of their contents.

20.     Deny the allegations contained in paragraph 20, and respectfully refer the Court to the cited documents for full and accurate statements of their contents.

21.     With respect to the allegations contained in paragraph 21, respectfully refer the Court to the plaintiff's FOIA requests for full and accurate statements of their contents.

22.     With respect to the statements and allegations contained in paragraph 22, admit that plaintiff applied for expedited processing but do not respond to the legal conclusions.

23.     With respect to the statements and allegations contained in paragraph 23, admit that plaintiff applied for a fee waiver but do not respond to the legal conclusions.

24.     With respect to the statements and allegations contained in paragraph 24, admit that plaintiff sought a limitation of processing fees but do not respond to the legal conclusions.

25.     With respect to the statements and allegations contained in paragraph 25, admit that plaintiff's request for expedited processing was denied, but deny the plaintiff's characterization of that disposition and do not respond to the legal conclusions.

26.     With respect to the statements and allegations contained in paragraph 26, admit that plaintiff appealed by letter dated December 18, 2012, but respectfully refer the Court to that letter for a full and accurate statement of its contents, and do not respond to the legal conclusions.

27.     With respect to the allegations contained in the first sentence of paragraph 27, admit that plaintiff was informed that his request for a fee waiver was being remanded to the BOP, but respectfully refer the Court to the September 30, 2013, letter for a full and accurate statement of its contents.  Admit the allegations contained in the second sentence of paragraph 27.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29.     Deny the allegations contained in paragraph 29 and do not respond to the legal conclusions.

30.     Deny the allegations contained in paragraph 30 and respectfully refer the Court to the cited document for a full and accurate statement of its contents.

31.     With respect to paragraph 31, deny knowledge or information sufficient to form a belief as to the truth of allegations concerning the interests of the public, and respectfully refer the Court to the cited documents for full and accurate statements of their contents.

32.     With respect to paragraph 32, deny knowledge or information sufficient to form a belief as to the truth of allegations concerning the focus of human-rights activists, and respectfully refer the Court to the cited document for a full and accurate statement of its contents.

33.     With respect to paragraph 33, deny knowledge or information sufficient to form a belief as to the truth of allegations concerning the importance of CAR funding information to congressional deliberations.

34.     With respect to paragraph 34, deny knowledge or information sufficient to form a belief as to the truth of allegations concerning whether elected officials need more information concerning the impact of immigration enforcement and removal policies.

35.     With respect to paragraph 35, do not respond to plaintiff's assertions about the foundation of our democracy or how it is intended to function.

## CAUSES OF ACTION

### First Cause of Action:  Violation of the FOIA for
### Failure to Expedite the Processing of Plaintiff's Request

36.     Incorporate by reference their responses to paragraphs 1 through 35.

37.     Deny the allegations contained in paragraph 37.

**Second Cause of Action:  Violation of the FOIA for Failure to
Make Promptly Available the Records Sought by Plaintiff's Request**

38.     Incorporate by reference their responses to paragraphs 1 through 35.

39.     Deny the allegations contained in paragraph 39.

**Third Cause of Action:  Violation of the FOIA for
Failure to Release Records Sought by Plaintiff's Request**

40.     Incorporate by reference their responses to paragraphs 1 through 35.

41.     Deny the allegations contained in paragraph 41.

**Fourth Cause of Action:  Violation of the FOIA
for Failure to Timely Respond to Plaintiff's Request**

42.     Incorporate by reference their responses to paragraphs 1 through 35.

43.     Deny the allegations contained in paragraph 43.

**Fifth Cause of Action:  Violation of the
FOIA for Failure to Supply a Fee Waiver**

44.     Incorporate by reference their responses to paragraphs 1 through 35.

45.     Deny the allegations contained in paragraph 45.

46.     The remainder of the complaint contains plaintiff's prayer for relief.  To the extent a response is required, deny that plaintiff is entitled to the relief he seeks or any relief whatsoever.

## <u>AFFIRMATIVE DEFENSES</u>

1.     The court lacks subject-matter jurisdiction over plaintiff's complaint because defendants have not improperly withheld information within the meaning of the Freedom of Information Act, 5 U.S.C. § 552.

2.     The plaintiff's FOIA requests implicate certain information that is protected from disclosure by one or more statutory exemptions.

3.      Plaintiff is not entitled to compel the production of records that are exempt from disclosure under FOIA or under other provisions of law, or to compel the production of records that are not subject to FOIA.

4.      Plaintiff's claims are barred to the extent he failed to exhaust administrative remedies.

5.      Defendants expressly reserve the right to assert additional defenses that are unknown now but may be ascertained in the future.

WHEREFORE, defendants respectfully request that the Court enter judgment dismissing the complaint in its entirety, and for such other relief as the Court deems proper.


Dated:   New York, New York
         October 1, 2014

                                        PREET BHARARA
                                        United States Attorney for the
                                        Southern District of New York
                                        Attorney for defendants


                          By:      /s/
                                 _____
                                 SHANE CARGO
                                 Assistant United States Attorney
                                 86 Chambers Street
                                 New York, New York 10007
                                 Tel.    (212) 637-2711
                                 Fax     (212) 637-2786
                                 shane.cargo@usdoj.gov